**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           ) | CR-06-76-PHX-SRB (DKD) |
|                                      ) | |
| Plaintiff,       ) | **ORDER** |
|                                      ) | |
| vs.                                  ) | |
|                                      ) | |
| Guillermo Luque-Sandoval,            ) | |
|                                      ) | |
| Defendant.       ) | |
|                                      ) | |

This Magistrate Judge has considered Defendant's second motion, erroneously entitled "Motion to Continue Admit/Deny Hearing," doc. 31, when the matter is, in fact, set for an admission or revocation hearing.

**I. Background**

On May 1, 2009, a petition was filed, alleging Defendant violated the terms of his supervised release. (Doc. 19) Over four years later, on May 14, 2013, he was arrested; an initial appearance was held; defense counsel was appointed; a preliminary revocation hearing was waived; Defendant was held to answer the allegations in the petition; and, at the request of defense counsel, an admission or revocation hearing was set for June 3, 2013 at 3:00 p.m. (Doc. 25) The Court directed defense counsel to notify the assigned prosecutor, no less than two business days prior to the hearing, if Defendant would proceed with an admission, keeping open Defendant's option of voluntarily admitting a violation and, at the same time, providing fair notice to the Government so it may cancel any hearing witnesses and obviate the need for unnecessary preparation for a revocation hearing.

On May 31, 2013, the parties filed a Joint Motion, doc. 29, requesting a continuance of thirty (30) days because the parties anticipated new illegal re-entry charges to be forthcoming in this matter. Both parties wished to resolve the cases in combination, if possible. The parties advised the Court the reason for the delay and late filing of their motion was the delay in receiving the official fingerprint comparison between the U.S. Marshal Service's fingerprint card and the Defendant's immigration records. The parties' motion did not indicate whether Defendant himself consented to the continuance or whether counsel had even discussed a continuance with his detained client. The Court granted the requested continuance and ordered, "[t]here shall be no further continuances of the revocation or admission hearing." (Doc. 30 at 4)

Defendant's current motion requests a continuance of sixty (60) days because the Assistant U.S. Attorney has advised defense counsel she will be filing Re-Entry after Deportation charges and defense counsel needs additional time to review the discovery once received on the new charges and then negotiate a possible combined plea agreement. (Doc. 31) Defense counsel states the AUSA does not object to a continuance in this matter. Again, the motion does not indicate whether Defendant himself consents to another continuance or whether defense counsel has discussed a continuance with Defendant.

**II. Timeliness of Revocation Hearings**

"A district court may revoke a term of supervised release only if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'"[1] *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3); *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972) (holding a revocation cannot stand on "erroneous information"); *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993) (holding a revocation of supervised release must be "based on verified facts"). Although this is a lower standard than the beyond-a-reasonable-doubt standard required for

---

[1] "Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citation omitted)

- 2 -

a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release. *Id.* Supervised release revocation hearings, however, are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied. Fed.R.Evid. 1101(d)(3); *United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997); *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012).

Federal Rule of Criminal Procedure 32.1(b)(2) mandates a district court "must hold the revocation hearing *within a reasonable time* in the district having jurisdiction." Rule 32.1(b)(2), Fed.R.Crim.P. (emphasis added). Rule 32.1(b)(2), however, does not address what constitutes a "reasonable time" or establish the standard to meet to authorize a continuance once a revocation hearing has been set.

According to the Advisory Committee's Notes to 32.1(b)(2)'s predecessor, Rule 32.1(a)(2),

> [m]andates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. *However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.*

Rule 32.1(a)(2), advisory committee's notes; *see also United States v. Santana*, 2007 WL 1125684, at *2 (S.D. Cal. April 16, 2007).

Few Ninth Circuit cases discuss what constitutes a reasonable time to conduct a revocation hearing. In *United States v. Clements*, 78 Fed. Appx. 640 (9th Cir. 2003), Rule 32.1(b)(2) was described by one concurring circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings." 78 Fed. Appx. 640, at *1. In *Clements*, the majority found the six-month delay from execution of the arrest warrant to the order to show cause hearing was not an unreasonable delay under the circumstances, citing *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983) and *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983).

The First Circuit indicated that "[r]easonableness has a protean quality. What is

reasonable in one set of circumstances may be unreasonable in another set of circumstances." *United States v. Pagan-Rodriguez,* 600 F.3d 39 (1st Cir. 2010) (finding district court's one-year delay before holding the final revocation hearing pending resolution of the local narcotics charges was objectively unreasonable as a matter of law.).

Generally, the district court may extend the time period for performing a particular act upon a showing of good cause. Fed.R.Crim.P. 45(b)(1)(A).[2] Like 18 U.S.C. § 3142(f), neither Rule 45 nor Rule 32.1(b)(2) define "good cause" for continuing a revocation hearing, especially in the context of a defendant's request to continue his own revocation hearing.

**III. Discussion**

The Court does not find good cause exists to grant another continuance for either a revocation or admission hearing. One continuance of the hearing has already been granted to give the parties sufficient time to resolve two potential cases into one plea agreement. The claim that the Government may file new charges against Defendant sometime in the future, when it has already had over six weeks to do since Defendant's arrest and has apparently not done so, does not constitute good cause for further delay in this case. It is undisputed that excessive pre-indictment delay violates the Speedy Trial Act, and may result in the dismissal of new charges against a defendant. *See United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000) (citing 18 U.S.C. § 3162(a)(1)). Because Rule 32.1(b)(2) has been described by one circuit judge as "a type of speedy-trial rule for all probation and supervised-release revocation hearings[,]" *Clements*, 78 Fed. Appx. 640 at 1, this Magistrate Judge is not willing to gamble to learn the hard way where that line is drawn in this case for a speedy-hearing violation. Moreover, the continued failure to not inform the Court the position of the Defendant on continuances is troubling and may, alone, be sufficient reason to deny the request. Counsel were fairly forewarned there would be no further of the July 18, 2013

---

[2] Federal Rule of Criminal Procedure 45(b)(1)(A) provides that "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires; . . . ."

1 revocation or admission hearing in the May 31, 2013 Order.

2     Good cause not appearing,

3     **IT IS ORDERED** that Defendant's Motion to Continue Admit/Deny Hearing, doc. 31, is **DENIED**. The Government shall be prepared to go forward with the scheduled **July 18, 2013** revocation hearing, absent advance notice Defendant will admit one or more violations, or the petition may be dismissed for lack of speedy prosecution.

7     Dated this 3rd day of July, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge